WILLIAM A. KNOWLTON, APPELLEE, v. THOMAS HAWES AND OTHERS, APPELLANTS.

Conveyance: CONSIDERATION: BONA FIDE PURCHASER: A father, after an obligation had been incurred, but before judgment, conveyed his real estate, worth more than $5,000, to his son, who had but little means, for an expressed consideration of $4,900; $300 being paid in cash, $250 in a span of horses, and $450 for labor alleged to have been previously performed, two unsecured notes, one for the sum of $1,000 payable in two years, and one for $2,000 payable in five years, and nine hundred dollars to be paid in certain mortgages. Held, on the testimony, that the son was not a bona fide purchaser of the land, and that it was liable for the payment of the judgment.

APPEAL from the district court of Saline county. Tried below before WEAVER, J. The opinion states the case.

Colby & Hazlett, for appellants.

A person is not deprived of his power and dominion over his property by either indebtedness or insolvency, if he sells and disposes of it and applies the proceeds

in his discretion to his debts, his purchases, or his maintenance. 9 Ind., 344. 22 Ills., 661. *Smith v. Henry*, 2 Bailey, 118. And then it appears that the validity of a transfer of property depends upon *the intent* of the debtor in making it, and not upon the question whether the creditor has a remedy or not. *Grover v. Wakeman*, 11 Wend., 187. *Hyslop v. Clarke*, 14 John., 458. *Wakeman v. Grover*, 4 Paige, 23. An intent to hinder, delay, or defraud creditors can be inferred from the grantor being indebted at the time the conveyance is made, but a *bona fide* purchaser, for a valuable consideration, without notice, is protected if the purchase *was* made from the grantor. There *must* be notice of fraudulent intent. *Tootle v. Dunn*, 6 Neb., 93. *Hessing v. McCloskey*, 37 Ills., 341. *Lewis v. Kennedy*, 3 Iowa, 58. *Sisson v. Roath*, 30 Conn., 15. If not proven as alleged, relief cannot be given, *although the transaction was unfair*. Kerr on Fraud and Mistake, 382, 383, 384, and 389. Proof of transfer does not establish fraud; the debtor and grantee must engage in conspiracy to defraud the creditors. Bump on Fraud, 547.

*Hastings & McGintie*, for appellee, cited Bump on Fraud, 93, 257, 470. *First National Bank v. Bartlett*, 8 Neb., 319. *Aultman v. Obermeyer*, 6 Neb., 264. *Glenn v. Glenn*, 17 Iowa, 498. *Hancy v. Nugent*, 13 Wis., 283.

MAXWELL, CH. J.

This is an action to set aside a conveyance from Thomas Hawes and wife to John Hawes, which is alleged to be fraudulent as to creditors.

The petition alleges in substance that at the April, 1878, term of the district court for Saline county, the plaintiff recovered a judgment against Thomas Hawes

and W. P. Grantham for the sum of $420.29. That an execution was duly issued on said judgment, and delivered to the sheriff of said county, and returned wholly unsatisfied; that after the obligation was incurred upon which said judgment was recovered, but before the rendition of the same, Thomas Hawes conveyed certain real estate in said county belonging to him to his son John Hawes for an alleged consideration of $4,000, but that said John Hawes did not purchase said real estate in good faith, but said conveyance was made for the purpose of delaying and defrauding the creditors of said Thomas Hawes. . Issues were made up and the cause tried at the April, 1879, term of said court, and judgment rendered in favor of the plaintiff. The defendants appeal to this court.

It appears from the bill of exceptions that the defendant John Hawes, prior to the alleged purchase of the land in question, was possessed of but little means; that there were 350 acres of the land in dispute, and that it was of the value of $5250; that he gave his father $300 in cash, a team valued at $250, and received a credit of $450 for labor performed, although neither the father nor son state definitely or in what manner it was performed. It also appears that the son gave the father two unsecured notes—one for $1,000, payable in two years, and one for $2,000, payable in five years from date, and that he assumed the payment of certain mortgages on the land amounting in the aggregate to the sum of $900. The question to be determined is, whether or not the son is a *bona fide* purchaser of the lands in question. And in our opinion the testimony shows that he is not. It is pretty clear that the transaction was a family arrangement to prevent the property from being applied to the payment of the father's debt. The rights of a *bona fide* purchaser, even if a member of the debtor's family, will

In Re Mollie Hall.

be protected when it is clear that the transaction was entered into in good faith and without any design to prevent the application of the debtor's property to the payment of his debts. But such transactions will be scrutinized very closely to see that they are not used as a cover for fraud. As there is no error in the record, the judgment of the district court is affirmed.

JUDGMENT AFFIRMED.